**FILED**
**Nov 05, 2018**
**08:26 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT JACKSON

| | | |
|---|---|---|
| SHANNON AVERY, | ) | Docket No. 2018-07-0320 |
| Employee, | ) | |
| v. | ) | |
| JACKS FOOD STORE, LLC, | ) | State File Nos. 44013-2017 |
| Employer, | ) | |
| And, | ) | |
| PLAZA INS. CO., | ) | Judge Allen Phillips |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

Ms. Avery requested medical benefits for an injury on June 11, 2017.[1] The dispositive issue is whether her injury arose out of the employment or was idiopathic. The Court conducted an Expedited Hearing on November 1, 2018, and holds Ms. Avery likely would prevail at a hearing on the merits that her injury arose out of the employment.

### History of Claim

Ms. Avery worked as a clerk for Jacks, a convenience store. On June 11, she stepped down from a step and felt pain in her left knee. She introduced photographs of the step revealing it was approximately six inches in height and that the floor above it had loose carpet and protruding nails. The floor below was smooth tile. She pointed to photos showing her standing at the step and demonstrated how the doorway where the step was located was so narrow that she had to "twist" through it. Additionally, a surveillance video from the store recorded images immediately after the incident showing Ms. Avery appearing in pain and having difficulty walking.

---

[1] Ms. Avery marked the Temporary Disability Benefits box on the Petition for Benefit Determination but claimed only three missed days, a period not compensable under law. Tenn. Code Ann. § 50-6-205(a) (2018) (no compensation allowed for the first seven days of disability resulting from an injury).

1

Jacks denied the claim on June 16 on grounds that Ms. Avery's injury was idiopathic. Specifically, it contended the step was not a hazard peculiar to Ms. Avery's work.

Because of Jacks' denial, Ms. Avery sought medical treatment on her own. On June 11, a provider at Jackson-Madison County General Hospital diagnosed left-knee pain and swelling and took her off work for three days. The provider told Ms. Avery to follow up with an orthopedic specialist.

Ms. Avery saw an orthopedist, Dr. Nicholas Vance, on August 31. Dr. Vance recorded that Ms. Avery suffered "an acute left knee injury [that] occurred in June after stepping down off a stair at work." He suspected a medial meniscal tear and recommended an MRI. On September 5, he noted the MRI revealed a complex tear of the left medial meniscus. He believed Ms. Avery needed surgery, but she opted for "a course of anti-inflammatories due to her financial situation." Dr. Vance told her to return in four weeks. Dr. Vance stated Ms. Avery's "type of meniscal tear is commonly associated with the type of injury she describes. Her symptoms, exam, and MRI findings are very consistent with her story of falling due to mis-stepping off of a curb."[2] Ms. Avery offered no other medical records. She produced medical bills from Dr. Vance and the hospital.

Based on the evidence, Ms. Avery requested payment of her medical bills and continued treatment for her knee injury. Jacks maintained its position and confronted Ms. Avery regarding the specifics of the incident, namely, whether she tripped, fell or merely stepped. Ms. Avery could not say for certain whether her foot caught a raised nail or if she stumbled against the loose carpet. She simply recalled stepping down while twisting through the narrow opening and feeling her knee pop. Thus, Jacks' position was that her exposure to the step was not peculiar to her employment, as she is exposed to steps away from work just as she is at work.

### Findings of Fact and Conclusions of Law

To be compensable, Ms. Avery must establish that her injury was caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2018). At this Expedited Hearing, she must come forward with sufficient evidence showing she likely would prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1). Because the parties do not contest the incident, the Court turns to whether her injury arose primarily out of the employment.

Jacks asserted the injury was idiopathic, meaning of "unexplained origin or cause." Idiopathic injuries generally do not arise out of the employment unless "some

---

[2] Dr. Vance's mistaken use of the word "curb" rather than "step" does not affect the outcome.

condition of the employment presents a peculiar or additional hazard." *Frye v. Vincent Printing Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *11 (Aug. 2, 2016). In the context of a work injury, "cause" means the accident originated in a hazard to which the employee was exposed as a result of performing her job duties. *Id.* at *12.

In *Bullard v. Facilities Performance Grp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 37 (Aug. 7, 2018), the Appeals Board noted, "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water *or a step*, in addition to the injured employee's ambulation." *Id.* at *11 *citing Wilhelm v. Kroger*, 235 S.W.3d 122, 128-29 (Tenn. 2007) (emphasis added). Here, Ms. Avery was exposed to the step because of her work. Contrary to Jacks' argument, she need not establish anything more than that; her job required her to step down from one level to another, and in so doing she injured her knee. Further, in *Bullard*, the Appeals Board rejected an argument that a single step is not an employment hazard. *Id.* Moreover, even if Ms. Avery did catch her foot on loose carpet or raised nails, she did so because those hazards attended her work. Based on the evidence, the Court holds Ms. Avery likely would prevail at a hearing on the merits that her injury arose out of her employment.

Turning to medical benefits, Ms. Avery must prove "to a reasonable degree of medical certainty that [her injury] contributed more than fifty percent (50%) in causing [her] disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). The term "reasonable degree of medical certainty" means that "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D). Again, at this interlocutory proceeding, Ms. Avery need only come forward with evidence showing a likelihood of prevailing at a hearing on the merits. The Court finds she did.

Dr. Vance stated Ms. Avery's condition "is commonly associated with the type of injury she describe[d]," and her examination and MRI were "very consistent" with stepping down from a step. In *Lewis v. Molly Maid*, 2016 TN Wrk. Comp. App. Bd. LEXIS 19 (Apr. 20, 2016), the Appeals Board affirmed an award of medical benefits where the employee reported a specific incident unrefuted by the employer. Further, the medical evidence supported the employee's allegations that she suffered pain when performing a specific task when there was no medical evidence to the contrary. *Id.* at *7-8. The same is true here, and the Court holds Ms. Avery is entitled to medical treatment "made reasonably necessary" by her injury. Tenn. Code Ann. § 50-6-204(a)(1)(A).

Because Jacks did not provide medical benefits, Ms. Avery justifiably sought treatment on her own. She established a relationship with Dr. Vance, and any belated attempt by Jacks to force Ms. Avery to treat with a panel physician after establishing that relationship cannot succeed. *Burnette v. WestRock*, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *12 (Oct. 31, 2017). In that case, the employee asked for medical care, did

3

not receive it, and the employer knew the employee sought care on his own. *Id.* at *13. Likewise, there was an "absence of information supporting a compensability defense as to the occurrence of the accident." *Id.* The facts here fit squarely within *Burnette,* and the Court designates Dr. Vance the treating physician.

Finally, the Court holds Ms. Avery is entitled to payment of some medical bills. "[A]n employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice." *Young v. Young Elec. Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (May 25, 2016). Ms. Avery incurred bills from Jackson-Madison County General Hospital and Dr. Vance. She testified without contravention regarding the amount she paid Dr. Vance but said the hospital bill had "been discharged in bankruptcy." Because of this testimony, the Court reserves any decision on recovery of the hospital bill pending further proof of any discharge. Conversely, it orders payment of Dr. Vance's bills based on Ms. Avery's proof that she paid them.

**IT IS, THEREFORE, ORDERED** as follows:

1. Jacks shall reimburse Ms. Avery for the medical bills of Dr. Vance (Sports Orthopedic and Spine) in the amount of $880.60.

2. Jacks shall provide Ms. Avery with reasonable and necessary medical treatment under Tennessee Code Annotated section 50-6-204(a)(3)(A)(i). Dr. Vance is designated the authorized physician.

3. This matter is set for a Status Hearing on **Tuesday, January 29, 2019 at 9:30 a.m. Central time. The parties must call 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.**

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED this the 5th day of November 2018.**



**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Medical records of Dr. Nicholas Vance
2. Medical records of Jackson Madison County General Hospital
3. Medical bills of Dr. Vance and hospital
4. Collective photos of the step and surrounding area
5. USB drive depicting surveillance video of accident
6. Additional collective photos of step and surrounding area

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Employee's Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 5th day of November, 2018.

| Name | Email | Service sent to: |
|---|---|---|
| Shannon Avery, Employee | X | shannonbabygirl72@yahoo.com |
| John P. Wade, Attorney for Employer | X | jwade@mbbslaw.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**